**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2922
_____

RENE LUCAS HERNANDEZ-GARCIA; ERIKA MARTENI SANTIAGO-TELETOR;
J. A. H.-S.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the Board of Immigration Appeals
(Agency Nos. A206-507-013; A208-176-015; A208-176-016)
Immigration Judge: Sunita B. Mahtabfar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 11, 2025
_____

Before: RESTREPO, BIBAS, and CHUNG, Circuit Judges

(Filed: July 22, 2025)
_____

OPINION[*]
_____

CHUNG, Circuit Judge.

Rene Lucas Hernandez-Garcia, along with his wife, Erika Marteni

_____

[*]    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Santiago-Teletor, and their minor son, J.A. H.-S. (collectively "Petitioners"), petition for review of a Board of Immigration Appeals ("BIA") order dismissing their appeal as untimely. Petitioners contend that the BIA should have equitably tolled the thirty-day appeal period. We will deny the petition.

## I. BACKGROUND[1]

Petitioners are natives and citizens of Guatemala. Hernandez-Garcia entered the United States in April 2013 and was joined by his wife and son about two years later. The Petitioners entered the country without the legally required documentation. The Department of Homeland Security subsequently filed Notices to Appear and initiated removal proceedings. Petitioners conceded removability but filed applications for asylum, 8 U.S.C. § 1158, withholding of removal, 8 U.S.C. § 1231(b)(3)(A), and withholding or deferral of removal under the Convention Against Torture ("CAT"), 8 C.F.R. §§ 1208.16-18.[2] On April 19, 2023, an immigration judge ("IJ") denied Petitioners' applications.

Petitioners failed to timely appeal the IJ's April 19, 2023, decision. 8 C.F.R. § 1003.38(b). Over ten months later, on February 20, 2024, the Petitioners moved the IJ to reissue the decision so that they could timely appeal. The IJ denied that motion and suggested that Petitioners raise their argument directly to the BIA via a motion to equitably toll the thirty-day appeal deadline.

---

[1] Because we write for the parties, we recite only facts pertinent to our decision.

[2] Santiago-Teletor listed J.A. as a derivative beneficiary in her application.

Petitioners followed that suggestion. On May 16, 2024, Petitioners appealed the IJ's April 19, 2023 decision and moved the BIA to equitably toll the thirty-day appeal deadline. In support of their motion, Petitioners argued that their prior counsel, Juliette E. Gomez, was to blame for their failure to timely appeal. According to Petitioners, Gomez contacted the couple on January 31, 2023, to say that she could no longer represent them due to health reasons. Gomez advised Petitioners to retain new counsel and asked them to come to her office to pick up documents. At a meeting on February 2, 2023, Gomez gave Petitioners "a list of attorneys to call who could potentially assist" with their case. A.R. 26, 28.

The IJ issued its April 19, 2023, decision denying their applications. Petitioners retained new counsel, Nita Kundanmal, in August 2023. Kundanmal's office contacted Gomez via email on January 5, 2024,[3] and received a response the following day.

The BIA denied Petitioners' motion, holding that they had not shown diligence or extraordinary circumstances warranting equitable tolling of the thirty-day appeal deadline. Specifically, the Board found a lack of diligence since Petitioners failed to retain Kundanmal until August 2023, despite Gomez's advice to seek new counsel in January of that year. The BIA also found a lack of diligence due to Kundanmal's delay until January 2024 in requesting additional documents from Gomez and Petitioners'

---

[3]     Petitioners further alleged that, at some unspecified point, Kundanmal requested additional documents from Gomez, "but [Gomez] ha[d] not provided" those documents. A.R. 27. Although Hernandez-Garcia and Santiago-Teletor submitted declarations to that effect, the BIA found that Kundanmal "did not contact [Gomez] until 5 months after being hired." A.R. 4, 27, 29. Petitioners do not challenge that factual finding on appeal.

delay until May 2024 in filing their appeal, nine months after retaining Kundanmal.

After declining to equitably toll the appeal deadline, the Board dismissed their appeal.

This petition for review timely followed.

## II.     DISCUSSION[4]

A petitioner is entitled to equitable tolling of the thirty-day appeal deadline if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Nkomo, 986 F.3d at 272-73 (internal quotation marks omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland v. Florida, 560 U.S. 631, 653 (2010) (citations and internal quotation marks omitted). However, "[d]ue diligence must be exercised over the entire period for which tolling is desired." Alzaarir v. Attorney General of United States, 639 F.3d 86, 90 (3d Cir. 2011).

We agree with the BIA that Petitioners failed to demonstrate due diligence during the entire period between January 2023 and the filing of their appeal with the BIA in May 2024. Petitioners have not explained, for example, what steps they took in the approximately six-month stretch between the end of Gomez's representation in January 2023 and hiring Kundanmal in August of that year. Nor do they provide any reason for

---

[4]     We have jurisdiction to review the Board's decision under 8 U.S.C. § 1252(a)(1). Argueta-Orellana v. Attorney General United States, 35 F.4th 144, 147 (3d Cir. 2022). The parties appear to dispute the applicable standard of review for denials of equitable tolling. Because the facts in this case are undisputed, we review the Board's decision de novo. See Nkomo v. Attorney General of United States, 986 F.3d 268, 272 (3d Cir. 2021) (where, as here, the BIA's factual findings are undisputed, "[a]pplication of the equitable tolling standard … is a question of law that we review de novo").

waiting a further five months before contacting Gomez for additional documents on January 5, 2024, another month to file their motion to reissue, or describe any other actions taken between Gomez's withdrawal and their ultimate appeal to the BIA in May 2024. In short, Petitioners failed to demonstrate due diligence "over the entire period for which tolling is desired." Alzaarir, 639 F.3d at 90; see also Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005); Zheng v. Attorney General, 549 F.3d 260, 269-70 (3d Cir. 2008).

Petitioners separately contend that the BIA "neglected to discuss two important facts" in its order. Br. at 12. In their view, the BIA erred by failing to note that (1) "in February 2024 Petitioners moved the IJ to reissue her decision so that they could file an appeal," and (2) "that the IJ's denial of that motion included the suggestion that they instead do what they did: seek equitable tolling from the Board." Id. Petitioners, however, failed to raise these facts to the BIA as reasons to equitably toll the appeal deadline.[5] In any case, Petitioners do not explain the significance of these facts for purposes of equitable tolling. That they moved the IJ to reissue her original order in February 2024—issued over ten months prior—does not explain what Petitioners did for the stretches of time before and after that date. To the extent that Petitioners suggest that they would have appealed the IJ's denial of their motion to reissue but for the IJ's suggestion, nothing in the IJ's suggestion could be read as a guarantee that the BIA

---

[5] In their briefing before the BIA, Petitioners stated that "the sole reason" for their untimely appeal was Gomez's "ineffective assistance" in failing to timely file an appeal. A.R. 14.

would allow Petitioners' untimely appeal. The suggestion itself is not a basis for equitable tolling as it still does not explain the lack of diligence already noted. Petitioners also offer no reason to believe that the Board would have viewed an appeal from the IJ's denial any differently than it did their motion for an equitable tolling of the thirty-day appeal deadline.

Finally, we disagree with Petitioners' argument that the BIA evaluated diligence through an unduly "restrictive lens focused on the time between specific events rather than the totality of [the] circumstances." Id. The BIA correctly articulated and applied the due-diligence standard: Petitioners must demonstrate that they exercised diligence "over the *entire period* for which tolling is desired." Alzaarir, 639 F.3d at 90 (emphasis added). They have not done so.

## III.    CONCLUSION

For the reasons set forth above, we will deny the petition for review.